Hand-Delivered

FILED
CHARLOTTE, NC

JAN 14 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

SERGE S. BONOU, )
)
)
Plaintiff, )
)
)
v. ) Civil Action No. 3:26-CV-31-SCR
)
)
BEACON SERVICES, LLC; )
MARYLAND MANAGEMENT COMPANY, )
)
Defendants. )

COMPLAINT AND JURY DEMAND

Plaintiff Serge S. Bonou ("Plaintiff"), appearing pro se, brings this action against Defendants Beacon Services, LLC ("Beacon") and Maryland Management Company ("MMC") (collectively, "Defendants"), and alleges as follows:

I. NATURE OF THE ACTION

This action arises from Defendants' false, misleading, and unlawful debt collection practices and inaccurate and reckless credit reporting, including demands for and reporting of amounts

not legally owed.

Defendants' conduct included misstating the date and legal status of a court judgment, demanding and reporting inflated post–move-out charges without mitigation, failing to credit payments actually made, and verifying disputed credit information after notice of dispute, in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.; and the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. § 75-1.1.

Plaintiff does not seek to overturn or relitigate any Maryland state-court judgment. This action concerns independent statutory violations arising from Defendants' collection and credit-reporting conduct directed into North Carolina.

II. JURISDICTION AND VENUE

This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367.

Venue is proper under 28 U.S.C. § 1391(b)(2) because Defendants' unlawful acts caused concrete financial, credit, and housing-related harm to a resident of Charlotte, North Carolina.

III. PARTIES

Plaintiff is a consumer residing in Mecklenburg County, North Carolina.

Plaintiff did not reside at the residential property managed by Defendant Maryland Management Company. Plaintiff assisted a third party in attempting to secure housing and was later erroneously identified or treated as the primary leaseholder or financially responsible party in Defendants' records, collection activity, and credit reporting.

Defendant Beacon Services, LLC is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

Defendant Maryland Management Company is a furnisher of consumer credit information within the meaning of the FCRA.

IV. FACTUAL ALLEGATIONS

A. Background and Inflated Accounting

The residential property known as Harpers Forest Apartments is managed by Defendant Maryland Management Company.

Plaintiff did not occupy or reside at the property at any time. Nevertheless, Defendants treated Plaintiff as though he were the primary obligor for the account.

Following the end of the tenancy, which concluded no later than September 2022, MMC generated a "Final Security Deposit Disposition / Summary of Damages" assessing post–move-out charges extending through March 2023, which accounting was later relied upon in Defendants' collection and credit-reporting activities directed into North Carolina.

That accounting failed to identify any re-rental efforts, replacement tenant activity, advertising, or other mitigation of damages, and provided no credit or offset reflecting mitigation.

The accounting further failed to credit Plaintiff for rent paid for June 2022 and omitted additional receipt-verified payments made in 2022.

As a result, the amounts demanded, collected, and later furnished to consumer reporting agencies materially overstated the actual amount, if any, legally owed.

B. Beacon's False Collection Communications

On or about December 22, 2025, Beacon sent Plaintiff a written collection communication falsely stating that a money judgment had been entered on July 31, 2025, and demanding payment.

No judgment existed on July 31, 2025. The actual judgment was entered on December 8, 2025, and for a significantly lower amount.

The date and legal status of a judgment are material facts to the least sophisticated consumer.

Beacon later admitted in writing that the judgment date used in its communication was incorrect.

Beacon nevertheless attempted to collect amounts based on the incorrect judgment date and an inflated balance that included unmitigated charges and uncredited payments.

### C. Credit Reporting and Equifax Dispute

MMC furnished information regarding the alleged debt to consumer reporting agencies, including Equifax, reflecting the inflated balance.

On December 26, 2025, Plaintiff submitted a formal dispute to Equifax, which was accepted and placed into active investigation.

Pursuant to 15 U.S.C. § 1681i(a)(2), Equifax transmitted notice of the dispute to MMC.

### D. Post-Dispute Verification and Re-Reporting

While the dispute remained pending, MMC updated, verified, and re-reported the tradeline on January 5, 2026.

MMC did so without conducting a reasonable investigation into the accuracy or legal collectability of the debt, including the failure to mitigate damages and failure to credit payments actually made.

This post-dispute verification refreshed and worsened the derogatory impact on Plaintiff's credit profile.

### E. Concrete Harm to Plaintiff

As a direct and proximate result of Defendants' conduct, Plaintiff suffered actual and concrete harm.

Plaintiff was denied credit and deterred from securing suitable housing in North Carolina due to the inflated and inaccurately verified tradeline.

This harm was foreseeable, particularly given Plaintiff's need to secure adequate housing and maintain creditworthiness.

Plaintiff's credit reputation was damaged, his creditworthiness reduced, and he incurred increased financial and housing-related hardship.

Plaintiff also suffered emotional distress, anxiety, and loss of time attempting to correct Defendants' errors.

F. Willful and Reckless Noncompliance; Pattern and Practice

Defendants are sophisticated, licensed entities with knowledge of their obligations under the FDCPA and FCRA.

Defendants relied on automated or superficial processes and recklessly disregarded legal limitations on collectability and accuracy.

Allegations in prior litigation involving Defendant Maryland Management Company reflect similar claims of standardized improper collection and reporting practices sufficient to proceed beyond dismissal.

Defendants' conduct here reflects standardized practices rather than isolated clerical error.

## V. CLAIMS FOR RELIEF

COUNT I – FDCPA (15 U.S.C. § 1692e) – Beacon

COUNT II – FDCPA (15 U.S.C. § 1692f) – Beacon

COUNT III – FCRA (15 U.S.C. § 1681s-2(b)) – MMC

COUNT IV – FCRA Negligence (15 U.S.C. § 1681o) – MMC

COUNT V – North Carolina UDTPA (N.C. Gen. Stat. § 75-1.1) – All Defendants

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court award statutory, actual, punitive, and treble damages; costs and attorneys' fees; and such other relief as the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Serge S. Bonou

Serge S. Bonou

Plaintiff, Pro Se

Charlotte, North Carolina

01/14/2026