**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

**SERGE BONOU,**

Plaintiff,

v. Case No. 3:26-cv-00031-SCR-DCK

**BEACON SERVICES, LLC;**
**MARYLAND MANAGEMENT COMPANY,**

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Pursuant to LCvR 7.1, Defendant The Maryland Management Company ("**MMCO**") submits this Memorandum of Law in support of its Motion to Dismiss the Complaint filed by Plaintiff Serge Bonou ("**Plaintiff**"). MMCO requests that the Court dismiss Plaintiff's claims against it pursuant to Rule 12(b)(2) on the basis that this Court lacks personal jurisdiction over MMCO.

## INTRODUCTION

Plaintiff's claims against MMCO arise from a lease for an apartment unit Plaintiff rented from Harpers Forest Apartments in Columbia, Maryland. Plaintiff was sued in Maryland state court for breach of the lease and a default judgment was entered against him. *See Tilbury LP d/b/a Harpers Forest Apartments v. Serge A. Bonou*, Case No. D-101-CV-24-013576 (Dist. Ct. of Md. for Howard Cty.).[1] Plaintiff is not challenging the judgment in this case[2] but rather is accusing MMCO of overstating the amount owed under the lease in its credit reporting in violation of the

[1] A copy of the docket is attached as Exhibit A for the Court's reference.

[2] Plaintiff has appealed the default judgment entered by the Maryland state court.

Fair Credit Reporting Act ("**FCRA**") and North Carolina's Unfair and Deceptive Trade Practices Act. Plaintiff appears to believe that this Court has personal jurisdiction over MMCO by virtue of the fact that Plaintiff now lives in North Carolina and therefore, the injurious effects of MMCO's alleged credit reporting were felt in North Carolina. Plaintiff misapprehends the nature of personal jurisdiction.

MMCO has no contacts with North Carolina, let alone the minimum contacts necessary for this Court or any other court in North Carolina to exercise personal jurisdiction over MMCO. MMCO does not own any real or personal property in North Carolina; does not have any facilities, offices, employees, or agents in North Carolina; does not manage any properties in North Carolina; and does not have any ongoing contractual relationship concerning or related to North Carolina or with any resident of North Carolina. In short, there is simply no nexus between MMCO or the conduct alleged in the Complaint and North Carolina. Accordingly, the exercise of personal jurisdiction over MMCO is not appropriate in this case and would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution. MMCO is therefore entitled to dismissal of the Complaint.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(2) allows for dismissal of a complaint for lack of personal jurisdiction. "Where, as here, the district court addresses the question of personal jurisdiction on the basis of motion papers, supporting legal memoranda, and the allegations in the complaint, the plaintiff bears the burden making a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." *Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009) (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)). While the Court should construe all relevant allegations in the light most favorable to Plaintiff, "the Court

need not 'credit conclusory allegations or draw farfetched inferences.'" *Vision Motor Cars, Inc. v. Valor Motor Co.*, 981 F. Supp. 2d 464, 468 (M.D.N.C. 2013) (quoting *Masseli & Lane, PC v. Miller & Schuh, PA*, 215 F.3d 1320, 2000 WL 691100, at *1 (4th Cir. 2000)). Moreover, "[o]nce a defendant presents evidence indicating that the requisite minimal contacts do not exist, the plaintiff must come forward with affidavits or other evidence in support of its position." *Vision Motor Cars*, 981 F. Supp. 2d at 468. Even a threshold prima facie finding of jurisdiction does not fully resolve the issue, as the plaintiff ultimately bears the burden of establishing grounds for personal jurisdiction by a preponderance of the evidence. *Id.* (citing *Combs*, 886 F.2d at 676; *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993)).

For this Court to exercise personal jurisdiction over MMCO, a non-resident defendant, the exercise of jurisdiction must: (1) be authorized by North Carolina's long-arm statute, N.C.G.S. § 1-75.4, and (2) comport with Fourteenth Amendment Due Process requirements. *See Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). North Carolina's long-arm statute extends jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause. *Id.* Thus, in North Carolina, "[t]he two-prong test therefore 'merges into a single question" … allowing the court to proceed directly to the constitutional analysis." *Amiad U.S.A, Inc. v. Advanced Water Techs., Inc.*, 2019 WL 1359240, at *2 (M.D.N.C. Mar. 26, 2019) (internal quotations omitted). Thus, the Court's focused inquiry is whether the defendant has established "certain minimum contacts with [the forum state] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945). Conducting an analysis regarding North Carolina's "long arm" statute focuses the Court inquiry regarding the defendant's minimum contacts with the state.

## ARGUMENT

**I. There is No Basis for Personal Jurisdiction Under North Carolina Law.**

In cases involving the FCRA, "[a] court may not exercise personal jurisdiction over a non-resident defendant unless the activities of that individual are sufficient to subject the party to that forum's long arm statute." *Screen v. Equifax Information Systems. LLC*, 303 F. Supp. 2d 685, 688 (D. Md. 2004). Under North Carolina's long-arm statute, personal jurisdiction arises, if at all, from a set of specifically enumerated contacts within North Carolina. *See* N.C. Gen. Stat. § 1-75.4. Plaintiff does not nor can he identify any provision of the long-arm statute that would subject MMCO to personal jurisdiction in North Carolina. MMCO is a closely held Maryland corporation that is not and never has been a resident of North Carolina and does not engage in any business in North Carolina. *See* Declaration of Andrew McCorkill (**"McCorkill Decl."**), ¶¶ 4-6, 8, attached as Exhibit B.

Further, as explained in the Declaration of Mr. McCorkill, MMCO's controller for the past twenty years, MMCO:

- has no physical offices in North Carolina (Ex. A, ¶ 6)
- has no operations in North Carolina (*id*)
- has no assets or business records located in North Carolina (*id.*)
- has no employees in North Carolina (*id.*, ¶ 8)
- has no bank accounts in North Carolina (*id*)
- has no phone listings in North Carolina (*id*)
- has never paid taxes in North Carolina (*id*)
- has never rented or leased any real property in North Carolina (*id*)
- has never owned any real property in North Carolina (*id*)

- has never owned any personal property located in North Carolina (*id*)
- is not and has never been registered to do business in North Carolina (*id.*, ¶ 9)
- does not have and never has had a registered agent in North Carolina (*id*)
- has never managed any residential or commercial properties in North Carolina (*id.*, ¶ 10)
- has never offered any services in North Carolina (*id.*)

These facts firmly show that there are simply no contacts with North Carolina that would allow this Court to exercise personal jurisdiction over MMCO. Accordingly, this Court does not have personal jurisdiction over MMCO, and the Complaint as to MMCO should be dismissed.

## II. Plaintiff's Allegation That He Suffered Damages in North Carolina as a Result of MMCO's Credit Reporting is Insufficient to Confer Personal Jurisdiction.

Plaintiff alleges that because of MMCO's credit reporting, he was "denied credit and deterred from securing housing in North Carolina." Compl. at 6. Even assuming this were true, this allegation would not support the exercise of personal jurisdiction over MMCO. Merely reporting allegedly inaccurate information to a credit reporting agency about a North Carolina resident is insufficient to confer personal jurisdiction. *See Screen*, 303 F. Supp. 2d at 690 (D. Md. 2004) (granting a Rule 12(b)(2) motion because a nonresident defendant's reporting or accessing of credit information about a Maryland resident is too attenuated a connection to the forum to establish jurisdiction); *Zellerino v. Roosen*, 118 F. Supp. 3d 946, 952 (E.D. Mich. 2015) (holding that "defendants' conduct of accessing the plaintiff's credit report, which presumably took place in California, cannot furnish a basis for them to be sued in a Michigan court, even though the plaintiff felt the impact of that privacy breach in Michigan").

The District Court of Maryland's decision in *Screen* is directly on point. In that case, the plaintiff had previously leased property from the landlord in Alabama. When she later attempted

to obtain a mortgage in Maryland, she discovered that the landlord had incorrectly reported to Equifax that she owed a debt under the lease. The plaintiff contacted the landlord, which had no record of the debt and stated that it would issue a correction to Equifax. The plaintiff was denied the mortgage and filed suit under the FCRA in Maryland. *Screen,* 303 F. Supp. at 687-88. The landlord sought dismissal based on lack of personal jurisdiction. *Id.* at 688. In granting the landlord's motion to dismiss, the court considered that the landlord was incorporated in Alabama, operated its office there, managed property there, and did not do business in Maryland. *Id.* at 689. The plaintiff's allegations showed only that the landlord sent her a consumer dispute verification form and was at most aware of her Maryland address. *Id.* at 689-90. The court held that this did not amount to directing conduct to the forum state. *Id.* The court distinguished FCRA cases in which personal jurisdiction was established, finding there to be a material difference between the Alabama landlord's limited contacts with the Maryland plaintiff and cases where a creditor intentionally creates contacts with a forum state to collect a debt or where there is "ample evidence" of communications showing the creditor knew that continued refusal to correct the consumer's credit report was causing injury in the forum state. *Id.* at 690 & n.1. The court found that, unlike in those cases, the defendant landlord had not initiated contact with the forum state and only responded to the plaintiff there, acknowledging that the reported information would be corrected. The court determined that these attenuated contacts were not sufficient to confer personal jurisdiction on the landlord. *Id.* at 690.

The same is true here. Whether the effects of MMCO's credit reporting were felt by Plaintiff in North Carolina "does not supplant the minimum contacts analysis, but rather informs it." *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 280 (4th Cir. 2009). "Although the place where the plaintiff feels the alleged injury is plainly relevant" to the jurisdictional inquiry,

"it must ultimately be accompanied by the defendant's own contacts with the state if jurisdiction over the defendant is to be upheld." *Id.* at 280-81 (quoting *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 626 (4th Cir. 1997)). Consequently, "the proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden v. Fiore*, 571 U.S. 277, 290 (2014). Here, MMCO did not initiate and does not have any contacts with North Carolina. As for the conduct alleged by Plaintiff, MMCO's reporting of allegedly inaccurate information to credit reporting agencies located outside North Carolina does not meaningfully connect MMCO to North Carolina. To conclude otherwise would be to "improperly attribute[ ] a plaintiff's forum connections to the defendant and make[] those connections 'decisive' in the jurisdictional analysis." *Walden*, 571 U.S. at 289. Accordingly, consistent with the above authority, MMCO is entitled to dismissal of the Complaint for lack of personal jurisdiction.

## III. MMCO Lacks Sufficient Minimum Contacts With North Carolina to Permit a Constitutional Exercise of Personal Jurisdiction.

In addition to the absence of jurisdictional contacts to satisfy North Carolina law, dismissal is also proper under the Due Process clause of the United States Constitution, which requires a greater degree of contact than can be shown between MMCO and North Carolina in this case. Consequently, it would be unconstitutional to exercise personal jurisdiction over MMCO.

Personal jurisdiction can be based on one of two theories: general jurisdiction or specific jurisdiction. *Lesnick v. Hollingsworth & Vose Co.*, 35 F. 3d 939, 945-46 (4th Cir. 1994). General jurisdiction arises where the party has maintained "continuous and systematic" contact with the forum state, such that the party can reasonably anticipate being sued in the state for any reason. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, n.9 (1984). It is beyond dispute that MMCO lacks the "continuous and systematic" contacts necessary to provide North

Carolina with general jurisdiction. In short, MMCO is not and has never been a resident of North Carolina, does not have a business office in North Carolina, and owns no real estate or personal property in North Carolina. *See* Ex. B, McCorkill Decl. ¶¶ 6-9. Likewise, MMCO does not lease real estate or personal property in North Carolina; has not sold property, goods, or services in North Carolina; is not registered to do business in North Carolina; does not own or have access to bank accounts in North Carolina; and is not the owner, corporate officer or director of a corporation that does business in North Carolina. *Id.* In sum, MMCO lacks any of the traditional bases for the constitutional exercise of general jurisdiction over an out-of-state defendant. Accordingly, to the extent that Plaintiff's claims are based on general jurisdiction, MMCO is entitled to dismissal of the Complaint in its entirety.

In contrast to general jurisdiction, specific jurisdiction applies where the plaintiff's cause of action "arises out of defendant's contacts with the forum." *Helicopteros Nacionales*, 466 U.S. at 414, n. 8. For specific jurisdiction to be present, due process requires that the defendant "'purposefully directed' its activities at the forum." *Federal Ins. Co. v. Lake Shore, Inc.*, 886 F 2d 654, 660 (4th Cir. 1999). In determining whether a plaintiff has established specific jurisdiction over a defendant, the court considers "(1) the extent to which the defendant 'purposefully availed' itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F. 3d 707, 712 (4th Cir. 2002) (citing *Christian Sci. Bd. of Dirs. of the First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 216 (4th Cir. 2001)).

The Supreme Court has held that due process requires "that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he [must] have

certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe*, 326 U.S. at 316. Despite its age, the *International Shoe* standard remains the "constitutional touchstone" for personal jurisdiction analysis. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) ("the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State").

To satisfy the minimum contacts requirement, there must be some act "by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). The degree of contact required is "substantial." *Burger King*, 471 U.S. at 475. Random, attenuated, or merely fortuitous contacts are not enough. *Id.*

Here, the degree of contact is plainly insufficient for the requisite "minimum contacts," and in fact, it is virtually nonexistent. MMCO is a closely held corporation organized under the laws of the State of Maryland, with its principal and only place of business and headquarters located in Hanover, Maryland. *See* Ex. B, McCorkill Decl., ¶ 5. MMCO's physical offices, operations, business records, and assets are all located in Maryland and Florida. *Id.,* ¶ 6. MMCO has never availed itself of the privilege of conducting activities in North Carolina. *Id.*, ¶¶ 7-10. Plaintiff does not allege otherwise. Rather, according to the Complaint, MMCO's only connection with North Carolina is that it reported information to a credit reporting agency about someone who once rented an apartment from MMCO in Maryland and now lives in North Carolina. Such random and fortuitous connection is insufficient to show that MMCO purposefully established contacts with, or directed conduct at, North Carolina so that personal jurisdiction is proper in this court.

A second constitutional requirement for personal jurisdiction embodies the concept of "fair play and substantial justice." *Burger King*, 471 U.S. at 476 -78. Here, substantial injustice would result if MMCO were haled into court in a jurisdiction where it has no foreseeable expectation of being subjected to suit. Haling MMCO into this Court would mean that that every individual or entity--regardless of how attenuated the contacts are with North Carolina (if at all)--would subject such individual or entity to the jurisdiction of this Court. This would essentially eviscerate the constitutional requirement of "fair play and substantial justice." Accordingly, personal jurisdiction is not only inappropriate here for lack of minimal contacts, but also inconsistent with traditional notions of "fair play and substantial justice."

## CONCLUSION

For the reasons set forth above, MMCO respectfully requests that the Complaint against it be dismissed for lack of personal jurisdiction.

This the 17th day of February, 2026.

Respectfully submitted,

*/s/ Caren D. Enloe*
Caren D. Enloe
SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS, LLP
NC State Bar No. 17394
P.O. Box 176010
Raleigh NC 27619-6010
Telephone: (919) 250-2000
Facsimile: (919) 250-2124
Email: cenloe@smithdebnamlaw.com

*Counsel for Defendant*
*The Maryland Management Company*

**CERTIFICATION BY COUNSEL**

The undersigned certifies as follows:

1. This Memorandum does not exceed the word limitations set forth in LCvR 7.1;

2. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

3. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.


*/s/ Caren D. Enloe*
Caren D. Enloe
SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS LLP
NC State Bar No. 17394
P.O. Box 176010
Raleigh, NC 27619-6010
Telephone: 919-250-2000
Facsimile: 919-250-2124
cenloe@smithdebnamlaw.com
*Counsel for Defendant*
*The Maryland Management Company*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 17, 2026, a copy of the foregoing was served on all counsel of record via this Court's CM/ECF electronic filing system and sent first-class mail, postage prepaid on:

Serge Bonou
908 Kinsey Aly
Charlotte, NC 28217

*/s/ Caren D. Enloe*
Caren D. Enloe
SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS, LLP
NC State Bar No. 17394
P.O. Box 176010
Raleigh NC 27619-6010
Telephone: (919) 250-2000
Facsimile: (919) 250-2124
Email: cenloe@smithdebnamlaw.com

*Counsel for Defendant*
*The Maryland Management Company*