**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| **SERGE S. BONOU,**<br><br>Plaintiff,<br><br>v.<br><br>**BEACON SERVICES, LLC, et al.,**<br><br>Defendants. | Case No.: 3:26-CV-031-SCR-DCK |

**DEFENDANT BEACON SERVICES, LLC'S MOTION TO DISMISS, ANSWER, AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

## MOTION TO DISMISS

NOW COMES Defendant Beacon Services, LLC ("Beacon" or "Responding Defendant"), by and through counsel and pursuant to Fed. R. Civ. P. 12(b)(2) and (6), and hereby moves the Court for an Order dismissing this action as to Beacon for a lack of personal jurisdiction and for failing to state a claim upon which relief can be granted.

## ANSWER

NOW COMES Defendant Beacon Services, LLC ("Beacon" or "Responding Defendant"), by and through its undersigned counsel, and hereby files its Answer and Affirmative Defenses to Plaintiff Serge S. Bonou's ("Plaintiff") Complaint as follows:

## RESPONSE TO INTRODUCTORY PARAGRAPH

1. To the extent a response is required to Plaintiff's introductory paragraph, Responding Defendant admits Plaintiff brings this action against Beacon and Maryland Management Company but denies any allegations of unlawful conduct and further denies Plaintiff is entitled to any of the relief sought.

## I. RESPONSE TO NATURE OF THE ACTION

2. Responding to Paragraph 2, Responding Defendant denies any allegations of unlawful conduct. Responding Defendant denies any remaining allegations in Paragraph 2.

3. Responding Defendant denies Paragraph 3 as to itself. Responding Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 and, therefore, denies those allegations.

4. Responding to Paragraph 4, Responding Defendant denies any allegations of unlawful conduct. Responding Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 and, therefore, denies those allegations.

## II. RESPONSE TO JURISDICTION AND VENUE

5. Responding to Paragraph 5, Responding Defendant asserts this court lacks personal jurisdiction over it and Plaintiff lacks Article III standing.

6. The allegations in Paragraph 6 constitute conclusions of law to which no response is required. To the extent a response is required, Responding Defendant asserts this court lacks personal jurisdiction over it.

## III. RESPONSE TO PARTIES

7. Responding Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, denies those allegations.

8. Responding to Paragraph 8, Responding Defendant denies any allegations of unlawful conduct. Responding Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and, therefore, denies those allegations.

9. Responding to Paragraph 9, Responding Defendant admits that it, at times, is a "debt collector" as defined by the FDCPA. Responding Defendant denies any remaining allegations in Paragraph 9.

10. Responding Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, denies those allegations.

## IV. RESPONSE TO FACTUAL ALLEGATIONS

### A. Background and Alleged Inflated Accounting

11. Responding Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, therefore, denies those allegations.

12. Responding to Paragraph 12, Responding Defendant denies any allegations of unlawful conduct. Responding Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 and, therefore, denies those allegations.

13. Responding to Paragraph 13, Responding Defendant denies any allegations of unlawful conduct. Responding Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and, therefore, denies those allegations.

14. Responding Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, therefore, denies those allegations.

15. Responding to Paragraph 15, Responding Defendant denies any allegations of unlawful conduct. Responding Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 and, therefore, denies those allegations.

16. Responding to Paragraph 16, Responding Defendant denies any allegations of unlawful conduct. Responding Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and, therefore, denies those allegations.

B. Beacon's Alleged False Collection Communications

17. Responding to Paragraph 17, Responding Defendant refers to the referenced correspondence and denies anything inconsistent therewith.

18. Responding to Paragraph 18, Responding Defendant admits a judgment against Plaintiff was entered on December 8, 2025, by the District Court of Maryland for Howard County. Responding Defendant denies any remaining allegations in Paragraph 18.

19. The allegations contained in Paragraph 19 constitute conclusions of law to which no response is required. To the extent a response is required, Responding Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, denies those allegations.

20. Responding to Paragraph 20, Responding Defendant refers to the referenced correspondence and denies anything inconsistent therewith.

21. Responding Defendant denies Paragraph 21.

C. Credit Reporting and Equifax Dispute

22. Responding Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and, therefore, denies those allegations.

23. Responding Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, therefore, denies those allegations.

24. Responding Defendant lacks knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 24 and, therefore, denies those allegations.

D. Alleged Post-Dispute Verification and Re-Reporting

25. Responding Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, therefore, denies those allegations.

26. Responding Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, therefore, denies those allegations.

27. Responding Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, denies those allegations.

E. Alleged Concrete Harm to Plaintiff

28. Responding Defendant denies Paragraph 28 as to itself.

29. Responding Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, therefore, denies those allegations.

30. Responding Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, therefore, denies those allegations.

31. Responding Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and, therefore, denies those allegations.

32. Responding Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and, therefore, denies those allegations.

F. Alleged Willful and Reckless Noncompliance; Pattern and Practice

33. Responding to Paragraph 33, Responding Defendant admits it is a properly licensed entity where required with knowledge of its obligations under applicable laws. Responding Defendant denies any remaining allegations in Paragraph 33.

34. Responding Defendant denies Paragraph 34 as to itself. Responding Party lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 and, therefore, denies those allegations.

35. Responding Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and, therefore, denies those allegations.

36. Responding Defendant denies Paragraph 36 as to itself. Responding Party lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 and, therefore, denies those allegations.

## V. RESPONSE TO CLAIMS FOR RELIEF

37. Responding Defendant admits Plaintiff asserted claims for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA"); the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. (the "FCRA"); and the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 *et seq*. (the "UDTPA"). Responding Defendant denies violating the FDCPA and the UDTPA and denies Plaintiff is entitled to any of the relief sought.

## VI. RESPONSE TO PRAYER FOR RELIEF

38. Responding Defendant denies Plaintiff is entitled to recover statutory, actual, punitive, or treble damages. Responding Defendant further denies Plaintiff be awarded the costs of this action and denies Plaintiff is entitled to recover attorneys' fees.

## VII. RESPONSE TO JURY DEMAND

39. Responding Defendant admits Plaintiff demands a jury but denies Plaintiff alleged any causes of action triable by a jury.

## AFFIRMATIVE DEFENSES

For its affirmative defenses to Plaintiff's Complaint, Responding Defendant states as

follows:

40. Plaintiff lacks standing to pursue one or more of his claims. Plaintiff has failed to plead and cannot establish (1) a concrete and particularized injury in fact, (2) fairly traceable to Responding Defendant's conduct, and (3) likely to be redressed by a favorable judicial decision.

41. Plaintiff's claims are barred to the extent Plaintiff failed to mitigate his claimed damages.

42. Responding Defendant pleads any and all applicable statutes of limitation.

43. Responding Defendant reserves the right to amend or supplement its affirmative defenses to assert any other available defenses discovered during the pendency of this action regardless of when such defenses are, or should have been, discovered.

WHEREFORE, Responding Defendant requests Plaintiff's Complaint be dismissed with prejudice, that Plaintiff take nothing from Responding Defendant, and that the Court provide such other and further relief to Responding Defendant as is just and proper.

Dated: March 3, 2026

Respectfully Submitted,

**FROST ECHOLS LLC**

*/s/ Marissa A. Coyle*

Marissa A. Coyle
NC Bar No. 42709
P. O. Box 12645
Rock Hill, SC 29731
Telephone: (803) 329-8983
Email: Marissa.Coyle@frostechols.com

*Counsel for Defendant Beacon Services, LLC*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via CM/ECF system to all parties entitled to notice of the same and a copy has been served upon pro se Plaintiff via U.S. mail on this 3rd day of March 2026, addressed as follows:

Serge Bonou
908 Kinsey Aly
Charlotte, NC 28217

*/s/ Marissa A. Coyle*
Marissa A. Coyle