**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

SERGE S. BONOU,

Plaintiff,

Civil Action No.
3:26-cv-00031-SCR-DCK

v.

BEACON SERVICES, LLC; and
THE MARYLAND MANAGEMENT
COMPANY,

Defendants.

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**

## I. INTRODUCTION

This Motion seeks four discrete things: documents Beacon stated it would produce and has not produced; a verification of the two interrogatory answers Beacon elected to give; documents within the categories identified in ECF No. 16, as narrowed during conferral to the North Carolina limitation imposed by ECF No. 23; and completion of the one interrogatory answer Beacon elected to give without objection.

Part C concerns document categories expressly identified in ECF No. 16, narrowed to ECF No. 23's North Carolina limitation; Part A concerns requests as to which Beacon stated it would produce; Part D concerns an interrogatory Beacon answered without objection. Plaintiff has narrowed the disputed requests twice and has conferred or attempted to confer with both Defendants since August 2026.

## II. BACKGROUND

### A. The personal-jurisdiction dispute

MMCO moved to dismiss for lack of personal jurisdiction on February 17, 2026. ECF Nos. 7, 8. Beacon preserved the same defense in its combined motion and answer on March 3, 2026. ECF No. 13. Plaintiff moved for limited jurisdictional discovery on March 13, 2026. ECF No. 16.

**B. ECF No. 16 identified six categories of document discovery**

Plaintiff's motion was captioned "Plaintiff's Motion For Limited Jurisdictional Discovery Regarding The Relationship Between Defendants Maryland Management Company And Beacon Services, LLC." It stated, "I request only six specific categories of documents," and identified them:

> **Request No. 1:** All agreements, contracts, or referral arrangements between MMC and Beacon concerning the alleged debt [account number omitted]. **Request No. 2:** All communications between MMC and Beacon concerning me (Serge S. Bonou) or this account. **Request No. 3:** Documents showing when MMC transferred my account to Beacon and the terms or instructions provided. **Request No. 4:** Documents reflecting MMC's knowledge of my North Carolina address at the time of referral to Beacon. **Request No. 5:** Documents reflecting MMC's credit reporting, including verifications after December 26, 2025. **Request No. 6:** Phone records or call logs for calls placed by MMC to my telephone number during 2023-2025.

ECF No. 16 at 2–3 (Ex. 1 at 3–4). Under "Proposed Parameters," the motion stated: "Document requests only — no depositions at this stage"; "Limited to the six requests above"; "30-day response period"; and "Limited to documents from January 2022 to present concerning my account and the MMC-Beacon relationship." ECF No. 16 at 4–5 (Ex. 1 at 5–6).

**C. Defendants addressed the proposed categories individually and opposed them as non-jurisdictional**

MMCO opposed, reproducing the six categories and addressing them in turn. ECF No. 19 at 2–4. As to Requests Nos. 1–3, MMCO argued that documents concerning its agreements and "communications with Beacon … regarding the collection of a debt owed by Plaintiff arising

from his breach of an apartment lease in Maryland have nothing to do with North Carolina or whether MMCO has sufficient minimum contacts with North Carolina." Id. at 3. As to Request No. 5, MMCO argued: "While such documents may be relevant to the merits of Plaintiff's claims against MMCO, they are irrelevant to the personal jurisdiction analysis." Id. at 4.

Beacon separately opposed on the same ground, arguing that Requests Nos. 1–3 "are focused on the relationship between Beacon and MMO" and that the relationship "has no bearing on whether this Court has jurisdiction over either Beacon or MMO." Ex. 2 at 3.

**D. The Court granted ECF No. 16 and imposed a North Carolina limitation**

On August 5, 2026, the Court ordered:

> IT IS, THEREFORE, ORDERED that "Plaintiff's Motion For Limited Jurisdictional Discovery Regarding The Relationship Between Defendants Maryland Management Company And Beacon Services, LLC" (Document No. 16) is GRANTED.
> IT IS FURTHER ORDERED that the parties shall conduct limited jurisdictional discovery with a deadline of September 25, 2026. Discovery shall be confined to personal jurisdiction issues related to Defendants' conduct towards North Carolina. IT IS FURTHER ORDERED that Plaintiff shall have until October 2, 2026, to file an amended complaint. IT IS FURTHER ORDERED that "Defendant The Maryland Management Company's Motion To Dismiss Complaint For Lack Of Personal Jurisdiction" (Document No. 7) is ADMINISTRATIVELY DENIED without prejudice… This Order is without prejudice to Defendant Maryland Management Company refiling following the completion of jurisdictional discovery.

Ex. 3. The Order does not expressly identify Requests Nos. 1–3, or any other of the six proposed categories, as excluded. The Order set the amended-complaint deadline one week after the close of jurisdictional discovery.

**E. Service, responses, and conferral**

**August 17, 2026.** Plaintiff served requests for production, interrogatories, and requests for admission on both Defendants. In the cover email, Plaintiff wrote: "If you believe any portion

falls outside the scope of ECF No. 23, please let me know so that we may confer before involving the Court." Ex. 4. Neither Defendant moved for a protective order.

**August 28–31, 2026.** Following a telephone call, Plaintiff wrote to Beacon's counsel on August 28, 2026, confirming his understanding that Beacon intended "to seek relief from the Court regarding the discovery served August 17, 2026," and offering to withdraw the requests directed to Beacon's own contacts with North Carolina if Beacon waived its personal-jurisdiction defense, while retaining the requests concerning the relationship between Defendants. Ex. 17. Beacon's counsel replied on August 30, 2026, stating that Plaintiff's "discovery requests include information beyond the 6 requests outlined in your Motion and it is not limited solely to 'personal jurisdiction issues'; rather, you are also seeking information about the relationship between the named-Defendants," and asking Plaintiff to confirm that he would withdraw discovery issued to Beacon upon Beacon's withdrawal of "the jurisdictional question related solely to Beacon." Id. Plaintiff replied on August 31, 2026, agreeing to withdraw or narrow the requests directed solely to Beacon's own North Carolina contacts upon Beacon's formal withdrawal of that defense, declining to withdraw the requests concerning the referral, and asking Beacon to "identify the request numbers and the basis" for any scope objection so the parties could confer regarding narrowing. Id. At that time, Beacon did not identify any particular request by number. Beacon has not withdrawn its personal-jurisdiction defense, and no Defendant has moved for a protective order.

**September 16, 2026.** Both Defendants served responses. Exs. 5–9.

MMCO produced documents responsive to Requests Nos. 4 and 6 and objected in full to Requests Nos. 1, 2, 3, and 5. Ex. 5. Beacon objected in full to Requests Nos. 1, 2, 3, and 7. As to Requests Nos. 4, 5, and 6, Beacon objected on grounds including overbreadth and the availability

of documents to Plaintiff, and then stated as to each: "Subject to and without waiving the foregoing objections, Beacon will produce relevant, non-privileged documentation to the extent any such documentation can be located after a reasonable search." Ex. 8. Beacon has produced no documents.

Beacon answered Interrogatories Nos. 7 and 8 substantively and objected to the remainder. The responses bear only counsel's signature and are unaccompanied by a verification. Ex. 9.

**September 17, 2026.** Plaintiff wrote to counsel for Beacon identifying the disputed responses and offering, "[f]or purposes of resolving this discovery dispute," to narrow Requests Nos. 1–3. Ex. 10. Plaintiff wrote separately the same day regarding Beacon's verification, Interrogatory No. 8, and the promised production. Ex. 11.

**September 19, 2026.** Plaintiff wrote to all counsel, transmitting the September 17 correspondence and narrowing Request No. 5 for the same purpose. Ex. 12.

**September 22, 2026.** MMCO responded by letter addressing the MMCO-specific items raised on September 19 and concluding: "Because each of your objections has been addressed in full and MMCO's discovery responses are complete and proper, there is no reason to meet and confer." Ex. 13.

**September 23, 2026.** Plaintiff wrote to each Defendant. Ex. 14 (MMCO); Ex. 15 (Beacon). MMCO replied the same day that Plaintiff's "proposed revisions will not remediate the issue" and that, "[e]ven with such revisions, the requests will remain objectionable for the same reasons we have already articulated in our previous Responses." Ex. 14.

Beacon replied the same day. Ex. 15. As to Requests Nos. 1–3, Beacon stated: "While we appreciate your willingness to narrow these requests, we do not believe that resolves the issue…

Even as narrowed, we believe the requests remain objectionable for the reasons previously stated." Id. As to Requests Nos. 4 and 6, Beacon stated that it would supplement "should our client find responsive documents … which go towards the issue of jurisdiction." Id. As to Request No. 5, Beacon stated that the request "appears to exceed the scope of the permissible discovery." Id. Beacon stated that it would "have our client execute a verification," and, as to Interrogatory No. 8, that it did not believe any garnishment activity was directed toward North Carolina but would review and supplement if appropriate. Id.

As of the filing of this Motion, Beacon has produced no documents, has served no verification, and has not supplemented any response.

## III. STANDARD

**Scope.** Rule 26(b)(1) permits discovery of any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case; relevance here is measured by the jurisdictional inquiry ECF No. 23 authorized.

**Interrogatory answers.** Each interrogatory must, "to the extent it is not objected to," be "answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "The person who makes the answers must sign them." Fed. R. Civ. P. 33(b)(5). An "evasive or incomplete … answer … must be treated as a failure to … answer." Fed. R. Civ. P. 37(a)(4).

**Production.** Where a responding party states that it will produce copies, "the production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." Fed. R. Civ. P. 34(b)(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C).

**Privilege.** A party withholding otherwise discoverable information under a claim of privilege must "expressly make the claim" and "describe the nature of the documents … in a manner that … will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A).

## IV. ARGUMENT

### A. Beacon should produce the documents it stated it would produce and state whether any are withheld.

Requests Nos. 4, 5, and 6 seek, respectively, documents reflecting Beacon's knowledge of Plaintiff's North Carolina address; communications between Beacon and Plaintiff; and documents concerning collection or enforcement activity directed to or affecting North Carolina, including the garnishment. Ex. 6.

Beacon responded to each: "Subject to and without waiving the foregoing objections, Beacon will produce relevant, non-privileged documentation to the extent any such documentation can be located after a reasonable search." Ex. 8. On September 16, 2026, counsel advised Plaintiff by telephone that the production would follow. None has been made. Rule 34(b)(2)(B) provides that where a responding party states it will produce copies, production "must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." Beacon specified no production date in its responses, and none has occurred in the eight days since. Rule 34(b)(2)(C) separately requires an objection to state whether any responsive materials are being withheld on the basis of that objection. Beacon's responses contain no such statement. Plaintiff therefore cannot know whether the absence of documents reflects a search that located nothing or a decision to withhold. On September 23, 2026, Beacon stated that it would supplement "should our client find responsive documents that are responsive to this request and which go towards the issue of jurisdiction," and

that as to Request No. 5 the request "appears to exceed the scope of the permissible discovery." Ex. 15. Beacon's September 23 conditional undertaking does not state whether responsive materials are being withheld on the basis of its objections, and does not specify when the production stated in its responses will be completed.

Plaintiff's August 2026 offer to withdraw these Requests was conditioned on Beacon's formal withdrawal of its personal-jurisdiction defense. Ex. 17. Beacon did not withdraw that defense, and Beacon elected to respond to these Requests by agreeing to produce. Plaintiff requests an Order directing production by a date certain and the statement Rule 34(b)(2)(C) requires. A production made after the filing of this Motion would not supply that statement, would not verify Beacon's interrogatory answers, and would not complete the answer addressed in Part D.

**B. Beacon should verify the interrogatory answers it elected to give.**

Beacon answered Interrogatories Nos. 7 and 8 substantively. Ex. 9. Those answers bear only counsel's signature, and no verification accompanies them. Rule 33(b)(3) requires that answers be made under oath. Rule 33(b)(5) requires that "[t]he person who makes the answers must sign them," while "the attorney who objects must sign any objections." Beacon's substantive answers contain no signature under oath by the person making them. On September 23, 2026, Beacon advised that it would have its client execute a verification; none has been served. Ex. 15.

Plaintiff requests an Order directing Beacon to serve an executed verification by a date certain.

**C. Both Defendants should produce the narrowed documents within the categories identified in ECF No. 16.**

**1. The categories were placed before the Court.** ECF No. 16 identified six categories of documents, three of which concerned the referral of the Account to Beacon and the information and instructions that accompanied it. Ex. 1. Both Defendants opposed, arguing that those categories were not jurisdictional. See supra Part II.C. The Court granted ECF No. 16 and directed that discovery be "confined to personal jurisdiction issues related to Defendants' conduct towards North Carolina." Ex. 3. Plaintiff served parallel Requests Nos. 1–3 on each Defendant. Plaintiff thereafter narrowed the disputed production to the referral of this Account, the transmission of Plaintiff's North Carolina information, and collection activity directed to or affecting Plaintiff in North Carolina, proposing that narrowing to Beacon on September 17, 2026 and transmitting it to MMCO on September 19, 2026. Each Defendant declined to produce documents responsive to the narrowed Requests.

**2. The narrowing tracks the Court's limitation.** MMCO states that Plaintiff's narrowing "will not remediate the issue." Ex. 14. The comparison is as follows:

| As proposed in ECF No. 16 | As narrowed on September 17, 2026 |
|---|---|
| All agreements, contracts, or referral arrangements between MMC and Beacon concerning the debt | Documents reflecting the referral or placement of the Account with Beacon |
| All communications between MMC and Beacon concerning Plaintiff or the account | Communications reflecting the transmission to Beacon of Plaintiff's North Carolina address, or other information identifying Plaintiff as residing or working in North Carolina |
| Documents showing when MMC transferred the account and the terms or instructions provided | Instructions or communications concerning collection activity directed to or affecting Plaintiff in North Carolina |

The second and third categories are expressly limited to North Carolina; the first seeks only the account-specific referral or placement record and its date, which is necessary to determine when the admitted transmission of Plaintiff's North Carolina information occurred.

Beacon likewise advised on September 23, 2026 that the narrowed Requests "remain objectionable for the reasons previously stated." Ex. 15. The parties are at an impasse.

Plaintiff is further willing to limit Request No. 2 to communications contemporaneous with the referral or placement, and Request No. 1 to the account-specific placement or referral record and its date.

**3. What the record establishes, and what it does not.** MMCO describes "MMCO's internal business decision to retain a Maryland collection agency to pursue collection of a debt incurred in Maryland, including the filing of a lawsuit against Plaintiff in Maryland." Ex. 7 (Answer to Interrogatory No. 1). It refers to "when MMCO engaged Beacon … to pursue recovery" and to "the terms of that engagement." Ex. 5 (Response to Request No. 3). MMCO has admitted that at the time of the referral, placement, assignment, or transfer, its records reflected an address for Plaintiff in Charlotte, North Carolina. Ex. 16 (Response to Request for Admission No. 10). Beacon has admitted that it "received information concerning the Account from MMC" and that it "received from MMC an address for Plaintiff located in North Carolina." Ex. 9 (Responses to Requests for Admission Nos. 4 and 5). Those admissions establish that the referral occurred, that MMCO possessed Plaintiff's Charlotte address at the time of the referral, and that Beacon received a North Carolina address from MMC. They do not establish when that North Carolina location information was transmitted, whether it accompanied the referral or placement, or what instructions concerning collection directed to or affecting Plaintiff in North Carolina accompanied or followed the referral. Those are the limited facts the narrowed Requests seek.

**4. No referral documents have been produced.** MMCO referred or placed the Account with Beacon. As of the filing of this Motion, neither Defendant has produced any document reflecting that referral or placement. Production by one Defendant would not substitute for

production by the other: MMCO's records would reflect what it transmitted, while Beacon's records would reflect what it received, and each Defendant must respond based on documents within its own possession, custody, or control. See Fed. R. Civ. P. 34(a)(1). The Court would otherwise resolve personal jurisdiction over conduct ECF No. 23 identified on admissions alone, with no document showing whether Plaintiff's North Carolina location information accompanied the referral or what North Carolina-directed collection instructions accompanied or followed it.

**5. Privilege (MMCO only).** MMCO invoked the attorney-client privilege in its responses to Requests Nos. 1, 2, and 3, stating as to Request No. 2 that it is objectionable "to the extent" it encompasses "communications between MMCO and Robert Sova, Esquire of Beacon." Ex. 5. Plaintiff cannot determine from those responses whether any responsive material is being withheld on privilege grounds or whether everything is being withheld on scope grounds alone. Plaintiff does not contend that this statement waives any privilege or establishes any relationship. Plaintiff asks only that MMCO state whether any responsive documents or communications have been withheld or redacted on the basis of attorney-client privilege, work-product protection, common-interest protection, or any other privilege or protection. If so, Plaintiff requests the description Rule 26(b)(5)(A) requires, identifying, without revealing privileged substance, the date and type of each communication, its author and recipients, the protection asserted, and the basis for the assertion. If nothing responsive has been withheld or redacted on any such basis, no description is requested.

**6. Request No. 5, as narrowed (MMCO only).** MMCO objected that Request No. 5 "seeks merits discovery on Plaintiff's claim against MMCO for violation of the Fair Credit Reporting Act." Ex. 5. Plaintiff does not seek the substance of MMCO's investigation, its investigative methodology, or the merits of its response to the dispute. He seeks documents

sufficient to show only the three facts identified in the Motion — the first-furnishing date, the consumer address furnished, and the consumer address associated with MMCO's response to the Equifax dispute — and MMCO may redact substantive content not necessary to those facts.

Each bears on the jurisdictional inquiry. MMCO has stated that it directed written communications to Plaintiff at Charlotte addresses on nine dates between March 20, 2023 and June 13, 2024. Ex. 7 (Answer to Interrogatory No. 9). The first-furnishing date bears on whether MMCO furnished information concerning Plaintiff after it had begun directing communications to him in North Carolina and had knowledge of his North Carolina location. The furnished consumer address, and the address associated with MMCO's response to the Equifax dispute, bear on whether the records MMCO furnished and reinvestigated identified Plaintiff as located in North Carolina. MMCO's specific objection to Request No. 5 asserted scope and merits relevance and identified no request-specific burden associated with producing these three limited facts, which are within MMCO's possession and are not available to Plaintiff. See Fed. R. Civ. P. 26(b)(1) (proportionality considers "the parties' relative access to relevant information").

**D. Beacon should complete the interrogatory answer it elected to give.**

This Part is independent of Parts A through C and may be granted or denied separately. Interrogatory No. 8 asked Beacon to describe all steps it took to collect the Account and to identify the state to which each was directed. Beacon did not object to Interrogatory No. 8 as outside the scope of ECF No. 23. It elected to answer, identifying only "email correspondence on December 22, 2025." Ex. 9. See Fed. R. Civ. P. 33(b)(3) (an interrogatory, to the extent not objected to, must be answered "separately and fully in writing under oath").

In the same discovery responses, Beacon admitted Request for Admission No. 10 — that Beacon caused or participated in causing a writ of garnishment to issue with respect to the

Account — responding: "Subject to and without waiving any objections, admitted." Id. An answer that omits a collection step the same party admits in those responses is incomplete, and "an evasive or incomplete … answer … must be treated as a failure to … answer." Fed. R. Civ. P. 37(a)(4).

On September 23, 2026, Beacon stated that it did not believe the garnishment activity was directed toward North Carolina and therefore viewed it as outside the discovery Order. Ex. 15. Interrogatory No. 8 itself asks Beacon to identify the state to which each collection step was directed. Plaintiff does not ask the Court, on this Motion, to decide where the garnishment was legally directed. He asks only that Beacon complete the answer it elected to provide by identifying the garnishment and stating the state or states to which Beacon contends that activity was directed. Fed. R. Civ. P. 33(b)(3); 37(a)(3)(B)(iii), (a)(4).

## V. CONCLUSION

Plaintiff respectfully requests that the Court grant the Motion, in whole or in part, and enter the relief described in Parts A through D. If a privilege dispute remains after the disclosure requested in Part C, Plaintiff alternatively requests such further procedure as the Court deems necessary, including in camera review if appropriate. Plaintiff is also available for a telephone discovery conference at the Court's convenience.

This the 25th day of September, 2026.

/s/ Serge S. Bonou
Serge S. Bonou
Plaintiff, Pro Se
2413 Pruitt Street
Charlotte, NC 28208
(646) 462-5353
sergebonou@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2026, a copy of the foregoing Brief in Support was served on counsel for Defendants by first-class mail, postage prepaid, and by electronic mail, addressed as follows:

Caren D. Enloe
Smith Debnam Narron Drake Saintsing & Myers, LLP
P.O. Box 176010
Raleigh, NC 27619-6010
cenloe@smithdebnamlaw.com
*Counsel for Defendant The Maryland Management Company*

Marissa A. Coyle
Frost Echols LLC
P.O. Box 12645
Rock Hill, SC 29731
marissa.coyle@frostechols.com
*Counsel for Defendant Beacon Services, LLC*

/s/ Serge S. Bonou
Serge S. Bonou